IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

S.D.B.B.                                    )
                                            )
         Petitioner,                        )
                                            )
v.                                          )
                                            )
TERRY S. JOHNSON, in his official           )
capacity as Sherriff, Alamance County;      )    1:25-cv-882
MAJOR STEVEN YOUNG, WARDEN, Alamance        )
County Detention Facility; TODD LYONS,      )
in his official capacity as Acting          )
Director of Immigration and Customs         )
Enforcement; KRISTI NOEM, Secretary of      )
Homeland Security; and PAMELA BONDI,        )
United States Attorney General,             )
                                            )
         Respondents.                       )

## ORDER

On September 27, 2025, counsel for Petitioner filed a petition for a writ of habeas corpus (the "Petition") asserting that Petitioner -- who entered the country in Arizona in November 2021 without inspection, was issued a Notice to Appear and released that same day and issued an Order of Release on Recognizance, and subsequently given an immigration court date of March 22, 2027 -- is being detained unlawfully by United States Immigration and Customs Enforcement ("ICE") in violation of his rights. (See generally Doc. 1.)  The Petition sets forth seven causes of action, asserting violations of the United States Constitution's guarantee of Due Process; the Administrative Procedure Act; the Accardi doctrine (see United States ex rel. Accardi v. Shaughnessy, 347

U.S. 260 (1954)); and that Petitioner's detention constitutes <u>ultra vires</u> agency action. (Doc. 1 at 17-27.)  The Petition seeks various forms of relief including Petitioner's release from custody.  (<u>Id.</u> at 27-28.)  Counsel for Petitioner filed an emergency Motion for a Temporary Restraining Order in connection with this matter on October 1, 2025, seeking his immediate release. (Doc. 2 at 3.)

This court held a hearing on this matter at 4:00 p.m. on October 1, 2025.  During the hearing, counsel for Petitioner indicated that Petitioner had been moved earlier in the day to a detention facility in Stewart, Georgia.  Assistant United States Attorney Lynne Klauer appeared for federal Respondents at the hearing.  Upon inquiry by the court, Ms. Klauer indicated that she was unaware of the expected timeline for any agency action against Petitioner and whether, and if so when, any potential deportation might occur.  She also indicated that Respondents intended to file a response to Petitioner's filings but was unaware how long it would take them to do so.

The All Writs Act permits courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Further, the Supreme Court recognizes "a limited judicial power to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action

2

through the prescribed statutory channels." F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (citing cases). Other federal courts have recognized authority under the All Writs Act to stay removal. See, e.g., Kuprashvili v. Flanagan, 25 Civ. 5268 (PAE), 2025 WL 2382059, at *1 (S.D.N.Y. June 30, 2025) (collecting cases).

In light of the claims raised in this action, the uncertain but seemingly fast-moving nature of agency action against Petitioner, and in the interest of allowing adequate time for (1) the Respondents to respond to the Petition and Motion for a Temporary Restraining Order and (2) this court to resolve the case in accordance with law, this court will order, under the All Writs Act, a stay of removal of Petitioner from the continental United States effective through 12:00 a.m. on Tuesday, October 7, 2025. This Order is subject to extension. Jurisdiction to consider this case and issue this Order is proper under 28 U.S.C. § 2241 and 28 U.S.C. § 1331. The court also finds that it has jurisdiction to enter this Order to effectuate a more considered determination of its jurisdiction. See Lancaster v. Secretary of Navy, 109 F.4th 283, 288 (4th Cir. 2024) ("[A] federal court always has jurisdiction to determine its own jurisdiction.") (citation omitted).

IT IS THEREFORE ORDERED that Respondents, including all those acting for them or on their behalf, are ENJOINED and RESTRAINED from removing Petitioner from the continental United States. This

Order shall remain in effect until 12:00 a.m. on Tuesday, October 7, 2025, unless extended or dissolved earlier by the court.

IT IS FURTHER ORDERED that Respondents shall notify appropriate officials of this Order promptly and provide all necessary information and documents to effectuate compliance with this Order.

                                             /s/   Thomas D. Schroeder
                                       United States District Judge

October 1, 2025
10:09 p.m.

4

Case 1:25-cv-00882-TDS-LPA    Document 7    Filed 10/01/25    Page 4 of 4