IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| S.D.B.B.,<br><br>      Petitioner,<br><br>v.<br><br>TERRY S. JOHNSON, in his official capacity as Sherriff, Alamance County; MAJOR STEVEN YOUNG, WARDEN, Alamance County Detention Facility; TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement; KRISTI NOEM, Secretary of Homeland Security; and PAMELA BONDI, United States Attorney General,<br><br>      Respondents. | 1:25-cv-882 |

## SECOND AMENDED ORDER

On September 27, 2025, counsel for Petitioner filed a petition for a writ of habeas corpus (the "Petition") asserting that Petitioner -- who entered the country in Arizona in November 2021 without inspection, was issued a Notice to Appear and released that same day and issued an Order of Release on Recognizance, and subsequently given an immigration court date of March 22, 2027 -- is being detained unlawfully by United States Immigration and Customs Enforcement ("ICE") in violation of his rights. (See generally Doc. 1.) The Petition sets forth seven causes of action, asserting violations of the United States Constitution's guarantee of Due Process; the Administrative Procedure Act; the Accardi doctrine (see United States ex rel. Accardi v. Shaughnessy, 347

U.S. 260 (1954)); and that Petitioner's detention constitutes <u>ultra vires</u> agency action. (Doc. 1 at 17-27.) The Petition seeks various forms of relief including Petitioner's release from custody. (<u>Id.</u> at 27-28.) Counsel for Petitioner filed an emergency Motion for a Temporary Restraining Order in connection with this matter on October 1, 2025, seeking his immediate release. (Doc. 2 at 3.)

This court held a hearing on this matter at 4:00 p.m. on October 1, 2025. During the hearing, counsel for Petitioner indicated that Petitioner had been moved earlier in the day to a detention facility in Stewart, Georgia. Over the course of the next four days, including the weekend, the court ordered, and the parties provided, expedited briefing. (<u>See</u> Docs. 11 through 16.)

The All Writs Act permits courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Further, the Supreme Court recognizes "a limited judicial power to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action through the prescribed statutory channels." <u>F.T.C. v. Dean Foods Co.</u>, 384 U.S. 597, 604 (1966) (citing cases). Other federal courts have recognized authority under the All Writs Act to stay removal. <u>See, e.g.</u>, <u>Kuprashvili v. Flanagan</u>, 25 Civ. 5268 (PAE), 2025 WL 2382059, at *1 (S.D.N.Y. June 30, 2025) (collecting cases).

2

In light of the claims raised in this action, the uncertain but seemingly fast-moving nature of agency action against Petitioner, and in the interest of allowing adequate time for (1) the Respondents to respond to the Petition and Motion for a Temporary Restraining Order and (2) this court to resolve the case in accordance with law, this court ordered a stay of removal of Petitioner from the continental United States effective through 12:00 a.m. on Tuesday, October 7, 2025. The court noted that this Order was subject to extension. Jurisdiction to consider this case and issue this Order was found to be proper under 28 U.S.C. § 2241 and 28 U.S.C. § 1331. The court found it has jurisdiction to enter this Order to effectuate a more considered determination of its jurisdiction. See Lancaster v. Secretary of Navy, 109 F.4th 283, 288 (4th Cir. 2024) ("[A] federal court always has jurisdiction to determine its own jurisdiction.") (citation omitted).

Because of the additional filings and the need for the court to have sufficient time to give them adequate consideration, the court extended the previous injunction for 24 hours on October 6, 2025.

Since then, the court entered a TRO on October 7, 2025, at 7:33 p.m. (Doc. 19.) On the evening of October 8, 2025, Respondents filed a notice of compliance (Doc. 20), and on October 9, 2025, Petitioner filed a second motion for TRO (Doc. 21) at

3

4:32 a.m., alleging noncompliance by Respondents. The court held an emergency hearing at 10:30 a.m. on October 9, 2025. Because of the additional filings and the need for the court to have sufficient time to give them adequate consideration, and considering that the Petitioner is set for a hearing at 1:00 p.m. today on his deportation proceeding,

IT IS THEREFORE ORDERED that Respondents, including all those acting for them or on their behalf, are ENJOINED and RESTRAINED from removing Petitioner from the continental United States. This Order shall remain in effect until 12:01 a.m. on Saturday, October 11, 2025, unless extended or dissolved earlier by the court.

IT IS FURTHER ORDERED that Respondents shall notify appropriate officials of this Order promptly and provide all necessary information and documents to effectuate compliance with this Order.

        /s/   Thomas D. Schroeder
    United States District Judge

October 9, 2025
12:21 p.m.